## In re: Ossie R. TRADER, Petitioner.

### No. 08–3023.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
July 31, 2008.

Filed Aug. 8, 2008.

Ossie R. Trader, Atlanta, GA, pro se.

Karen L. Grigsby, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

OPINION OF THE COURT
PER CURIAM.

Ossie Robert Trader, a federal prisoner, petitions this Court for a writ of mandamus ordering the District Court to rule on his "Motion to Dismiss Indictment for Violation of the Speedy Trial Act," which he filed in March 1995.

1. Any challenge to the guilty plea may not be brought in a petition for a writ mandamus.

2. Trader has also filed a "Motion Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure Citation of Supplemental Authori-

This is Trader's fourth attempt to revive his Speedy Trial Act claims by petitioning for a writ of mandamus. *See, e.g.,* 226 Fed.Appx. 100, 161 Fed.Appx. 205. Once again, we must reject his assertion that the motion has been pending since 1995. The District Court docket sheet shows the motion was terminated due to Trader's guilty plea. *See also Washington v. Sobina,* 475 F.3d 162, 166 and n. 5 (3d Cir. 2007) (per curiam) (speedy trial rights are waived by an unconditional and voluntary guilty plea).[1]

Because this is not a situation where the District Court has engaged in "undue delay ... tantamount to a failure to exercise jurisdiction," *Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996), we will deny the petition for a writ of mandamus.[2]

ties," which may be construed as a motion to supplement the mandamus petition. We grant the motion to supplement, but note that the arguments raised therein do not establish that he is eligible for mandamus relief.